UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MS LIFE INSURANCE COMPANY,

    Plaintiff,

v.                                          Case No: 3:03-cv-1065-J-12TEM

DONNA J. BARFIELD,

    Defendant.

_____

DONNA J. BARFIELD,

    Counter-Plainitff,

v.

MS LIFE INSURANCE COMAPNY, etc.,

    Counter-Defendant.

_____

DONNA J. BARFIELD,

    Third-Party Plaintiff,

v.

BUDDY HUTCHINSON, INC., etc.,

    Third-Party Defendant.

_____

## ORDER

This cause is before the Court on Plaintiff/Counter-Defendant MS Life Insurance Company's Motion for Summary Judgment (Doc.35), and memorandum of law in support (Doc.36), filed June 14, 2005, and Third-Party Defendant Buddy Hutchinson Inc.'s Motion

for Summary Judgment (Doc.37) and memorandum in support (Doc.38) filed June 15, 2005. As of the date of this Order, Defendant/Counter-Plaintiff/Third-Party Plaintiff Donna J. Barfield has not filed responses to the motions.

Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The Court's task is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). The purpose of summary judgment is to dispose of unsupported claims of defenses which, as a matter of law, do not raise issues of material fact suitable for trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

The party moving for summary judgment bears the initial burden of demonstrating to the Court "by reference to materials on file, that there is no genuine issue of material fact that should be decided at trial." Clark v. Coats & Clark, Inc., 929 F.604, 608 (11th Cir. 1991). A court "must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 149-150 (2000) (discussing standard for granting judgment as a matter of law under Fed.R.Civ.P. 50, which mirrors the standard for granting summary judgment under Rule 56); Hinson v. Clinch County Bd. of Educ., 231 F.3d 821, 826-27 (11th Cir. 2000). The Court considers the entire record, but must disregard all evidence favorable to the moving party that the jury is not required to believe. Reeves, 530 U.S. at 151; Hinson, 231 F.3d at 827.

Once the moving party has met its burden, the burden shifts to the non-moving party to show that there is a material issue of fact that precludes summary judgment. Clark, 929 F.2d at 608. The non-moving party may not rest upon mere allegations or denials in the pleadings, but must set forth specific facts, through affidavits or other forms of evidence provided for by the rules. Adickes v. SH. Kress & Co., 398 U.S. 144, 157 (1970). If the party opposing the motion for summary judgment does not so respond, providing affidavits or other evidence, summary judgment, if appropriate, must be entered for the moving party. Fed.R.Civ.P. 56(e).

"[T]he inquiry is whether the evidence presents sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson, 477 U.S. at 252-52. A genuine issue of material fact exists where there is sufficient evidence favoring the nonmoving party for a reasonable jury to return a verdict in its favor. Haves v. City of Miami, 52 F.3d 918, 921 (11th Cir.1995); United States v. Four Parcels of Real Property, 941 F.2d 1428, 1437 (11th Cir. 1991) (en banc).

Plaintiff MS Life Insurance Company (MS Life) filed this action seeking declaratory relief regarding the credit disability insurance policy Defendant/Counter-Plaintiff/Third-Party Plaintiff Donna J. Barfield (Donna Barfield) and her husband purchased in connection with their purchase of an automobile. See Doc.1 at p.6-7. Donna Barfield filed a Counter-Claim against MS Life and a third-party claim against Buddy Hutchinson, Inc. (Buddy Hutchinson) asserting various claims for damages and other relief regarding the credit disability insurance policy. See Doc. 13.

After MS Life and Buddy Hutchinson filed their motions for summary judgment, Donna Barfield sought "continuances" of the time to respond to those motions in order to

complete discovery as to her claims, to "substitute" the appropriate Third-Party Defendant, Buddy Hutchinson *Pontiac*, Inc., and to amend her claims. See Docs. 39-42. By Order (Doc.55), filed October 18, 2005, the United States Magistrate Judge denied all of Donna Barfield's motions and advised her specifically that

> **[r]esponses to the outstanding motions for summary judgment (Docs.#35, MS Life Insurance Co., and, #37, Buddy Hutchinson Inc.) must be filed not later that the close of business on October 31, 2005, or any objection shall be deemed as waived.**

Doc.55 at p.4 (bold in original).

As stated above, as of the date of this Order, Donna Barfield has not filed responses to the motions for summary judgment. Moreover, she has not sought further review of the Order (Doc.55) of the United States Magistrate Judge.

MS Life seeks summary judgment asserting six grounds: 1) that her claims for negligence, fraud, intentional tort and statutory liability are barred by the applicable statute of limitations; 2) that her breach of contract claims fail as a matter of law; 3) that her statutory claims for unfair and deceptive practices and bad faith fails for failure to give required notice or any such notice was untimely; 4) that her statutory claims for unfair and deceptive practices and bad faith fail as a matter of law; 5) that her entire Counter-Claim is barred by the primary jurisdiction doctrine; and 6) that her claim for punitive damages fails as a matter of law.

The Court has reviewed the record, including the unopposed submissions of MS Life in support of its motion for summary and finds that the record before the Court supports the entry of summary judgment in favor of MS Life on its Complaint and against Donna Barfield on her Counter-Claim on all grounds asserted in the motion for the reasons set

forth therein.

Third-Party Defendant Buddy Hutchinson Inc.'s Motion for Summary Judgment (Doc.37) addresses the merits of Donna Barfield's claims against the Buddy Hutchinson Pontiac, Inc., who was not properly named in the Counter-Claim or served in this action, asserting a statute of limitations ground. The record demonstrates that Third-Party Defendant Buddy Hutchinson is not a proper party in this case and is due to be dismissed. As a result, the Court finds that Buddy Hutchinson's motion for summary judgment is moot. Accordingly, it is

**ORDERED AND ADJUDGED**:

1. That Plaintiff/Counter-Defendant MS Life Insurance Company's Motion for Summary Judgment (Doc.35) is granted;

2. That Third-Party Defendant Buddy Hutchinson Inc.'s Motion for Summary Judgment (Doc.37) is deemed moot; and

3. That the Clerk shall enter judgment in favor of MS Life and against Donna Barfield on the Complaint and Counter-Claim and dismissing Third-Party Defendant Buddy Hutchinson, Inc. from this action with prejudice, with costs to be assessed according to law. The Clerk is also directed to close the case.

**DONE AND ORDERED** this 14th day of December 2005.

Howell W. Melton
Senior U.S. District Judge

Copies to:   Counsel of Record